IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BROMILY, INC., t/a Bankers, | : | CIVIL ACTION NO. **3:CV-07-2039** |
| Plaintiff | : | Magistrate Judge Blewitt |
| v. | : | |
| STATE NATIONAL INS. CO., INC., | : | |
| Defendant | : | |

## MEMORANDUM AND ORDER

### I. Background.

On or about October 10, 2007, this breach of insurance contract and bad faith action was initiated when Plaintiff, Bromily, Inc. ("Bromily"), filed, through counsel, a Complaint in the Philadelphia County Court of Common Pleas. (Doc. 1, Ex. A). On November 8, 2007, Defendant State National Ins. Co., Inc., filed a Notice for Removal of this case from Philadelphia County Court of Common Pleas to the United States District Court for the Middle District of Pennsylvania pursuant to 28 U.S.C. § 1441. (Doc. 1). On December 17, 2007, Plaintiff filed a Motion to Transfer Venue of this case to the to the United States District Court for the Eastern District of Pennsylvania. (Doc. 6). On January 16, 2008, the the United States District Court for the Middle District of Pennsylvania granted Plaintiff's Motion to Transfer Venue and transferred this case to to the United States District Court for the Eastern District of Pennsylvania since this case was originally filed in the Philadelphia Court of Common Pleas and could only be removed to the Eastern District of Pennsylvania District Court. (Doc. 16).

During the pendency of this case in the Eastern District of Pennsylvania, Defendant filed its Answer to the Complaint. (Doc. 18-2).

On February 8, 2008, the United States District Court for the Eastern District of Pennsylvania transferred this case back to the United States District Court for the Middle District of Pennsylvania pursuant to 28 U.S.C. § 1404(a). (Doc. 18).

On July 7, 2008, the United States District Court for the Middle District of Pennsylvania signed the consent of the parties to proceed before the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(c). (Doc. 26). On July 22, 2008, the Court granted Defendant's Motion to Compel and directed Plaintiff to respond to Defendant's discovery requests and to make certain initial disclosures within seven (7) days. (Doc. 27). Thereafter, the Court scheduled a telephonic Case Management Conference for August 11, 2008. (Doc. 28). During the conference, Attorney Feinstein apprised the Court of his intention to file a motion to withdraw as counsel for Plaintiff and requested that the issuance of a scheduling order be stayed pending resolution of his Motion. The Court agreed to stay the joint case management conference and the issuance of a scheduling order until after disposition of Attorney Feinstein's Motion to Withdraw. (Doc. 29).

On August 12, 2008, counsel for Plaintiff filed a Petition to Withdraw his and his firm's appearance as attorney for Plaintiff, with an attached support Brief. (Doc. 30). Defendant filed its opposition Brief on August 15, 2008. (Doc. 31). The Petition of counsel for Plaintiff to Withdraw is ripe for disposition.

2

## II. Discussion.

At the time of commencing this case, as well as at the time of removal and at the time of both transfers, Plaintiff, a corporate entity, was represented by counsel. In its Complaint, Plaintiff basically claims that Defendant improperly refused to pay its claim for benefits under its insurance policy issued by Defendant. Plaintiff asserts a breach of contract claim as well as a bad faith claim under 42 Pa. C.S.A. § 8371. Counsel for Plaintiff states in his instant Petition that he has attempted to contact Plaintiff through its designated representative, Joseph Lehman, sole owner of Bromily, on many occasions in order to discuss this case and to respond to discovery, and that Mr. Lehman has not returned his telephone calls or responded to his letters. (Doc. 30, pp. 1-2). Counsel for Plaintiff also states that Mr. Lehman's failure to cooperate and communicate with him renders it unreasonably difficult for him to properly represent Plaintiff in this matter, and that his withdrawal will not result in any material adverse effect on Plaintiff's interests.

As stated, Defendant has opposed the Petition to Withdraw of Plaintiff's counsel and requests that the Court conduct oral argument with respect to the Petition. (Doc. 31-2).[1] While Plaintiff, through its owner, has been served with its counsel's Petition, it has not filed a response to it. Defendant states that a hearing is required in order to analyze the prejudice withdrawal will cause it, the harm withdrawal will cause to the administration of justice, and the degree to which withdrawal will delay the resolution of this case. Defendant also points out that

---

[1] Plaintiff's counsel also appears to deem oral argument appropriate since he has attached a proposed Rule to Show Cause setting oral argument for his Petition. Doc. 30-2.

3

some discovery has been conducted and that Plaintiff's counsel has not detailed his efforts to contact Mr. Lehman, thus making it unclear if counsel could have filed his Petition at an earlier date.

As stated, Defendant has served discovery on Plaintiff, but to date, Plaintiff has not responded to it, and the Court has granted Defendants' Motion to Compel. (Docs. 27 and 31-2, p. 1).[2]

Local Rule 83.15, M.D. Pa., provides as follows:

> Appearance of counsel shall not be withdrawn except by leave of court. The court may refuse to approve withdrawal. If counsel is superseded by new counsel, such new counsel shall enter an appearance and counsel who is superseded shall comply with this rule and apply for leave to withdraw from the action. The court may refuse to grant a motion for leave to withdraw unless substitute counsel has entered an appearance.[3]

As stated, Plaintiff's counsel has given notice to Plaintiff, through its owner, of his request to withdraw as counsel. (Doc. 30-6, p. 1). No submission by Plaintiff was made regarding its counsel's Petition. Plaintiff is a corporation (Doc. 1-2, p. 1, ¶ 1.), and as such, it must be represented in court by counsel. *See Rhino Assoc., L.P. v. Berg Mfg. and Sales Corp.*, 531 F. Supp. 2d 652, 656 (M.D. Pa. 2007)(citations omitted). In *Rhino Assoc.*, this Court noted

---

[2]The Court notes that insofar as Defendant states that some discovery has been conducted, Plaintiff has not responded to Defendant's discovery requests even though it was ordered to do so since Plaintiff's counsel states that Plaintiff's owner has failed to communicate and cooperate with him in prosecuting this action thus rendering it impossible for him to respond to Defendant's discovery.

[3]Plaintiff's counsel cites to Local Rule 5.1, E.D. Pa. (Doc. 30-4, p. 1). However, the Local Rules of the Middle District of Pennsylvania apply to this case.

that "[w]hen counsel for a corporation seeks to withdraw, a District court must consider the 'ordinary rules of withdrawal' and determine whether the attorney's continued representation of the corporate client serves a 'meaningful purpose'." *Id.* at n. 6(citing *Buschmeier v. G&G Invs., Inc.*, 222 fed. Appx. 160, 164 (3d Cir. 2007). *See also* PA. Rules Prof'l. Conduct R. 1.16(b)(5)-(6).

Thus, the Court must determine if Plaintiff counsel's continued representation serves a "meaningful purpose." As both counsel recognize, the Court must also weigh the reasons withdrawal is sought, the prejudice withdrawal may cause the parties, the effect of withdrawal on the efficient administration of justice, and the degree to which withdrawal will delay resolution of the case. *See Carter v. City of Phila.*, 2000 WL 537380, *1 (E.D. Pa.).

Further, it is within the discretion of the District Court whether to grant a Petition to Withdraw as counsel.

Based on the foregoing, the Court will grant the request of Defendant's counsel to schedule oral argument on the Petition to Withdraw as Plaintiff's counsel. Counsel should be prepared to discuss the above-mentioned factors the Court must weigh in ruling on the present Petition of Plaintiff's counsel. The Court will also direct the presence of Mr. Lehman, owner of Bromily, Inc., at the oral argument.

An appropriate Order follows.

THOMAS M. BLEWITT
United States Magistrate Judge

Dated: September 3, 2008

5

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BROMILY, INC., t/a Bankers, : | CIVIL ACTION NO. **3:CV-07-2039** |
| Plaintiff : | Magistrate Judge Blewitt |
| v. : | |
| STATE NATIONAL INS. CO., INC., : | |
| Defendant : | |

### ORDER

AND NOW, this 3rd day of September, 2008, **IT IS HEREBY ORDERED THAT** Defendant's request for oral argument regarding counsel for Plaintiff's Petition for Leave to Withdraw Appearance as Attorney for Plaintiff (Doc. 30) is **granted,** and oral argument is scheduled for **September 15, 2008 at 10:00 a.m.** in Courtroom 6, William J. Nealon Federal Building and United States Courthouse, Scranton, Pennsylvania.

The Clerk of Court is directed to serve a copy of this Order on Plaintiff at:

Bromily, Inc., t/a Bankers
c/o Joseph Lehman
32 Cadwallader Court
Yardley PA 19067

**IT IS FURTHER ORDERED** that Joseph Lehman, Owner of Plaintiff Bromily, Inc., is directed to appear at the scheduled oral argument.

THOMAS M. BLEWITT
**United States Magistrate Judge**

**Dated: September 3, 2008**

6