IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BROMILY, INC., t/a Bankers, | : | CIVIL ACTION NO. **3:CV-07-2039** |
| Plaintiff | : | Magistrate Judge Blewitt |
| v. | : | |
| STATE NATIONAL INS. CO., INC., | : | |
| Defendant | : | |

**MEMORANDUM AND ORDER**

**I. Background.**

On or about October 10, 2007, this breach of insurance contract and bad faith action was initiated when Plaintiff, Bromily, Inc. ("Bromily"), filed, through counsel, a Complaint in the Philadelphia County Court of Common Pleas. (Doc. 1, Ex. A). On November 8, 2007, Defendant State National Ins. Co., Inc., filed a Notice for Removal of this case from Philadelphia County Court of Common Pleas to the United States District Court for the Middle District of Pennsylvania pursuant to 28 U.S.C. § 1441. (Doc. 1). On December 17, 2007, Plaintiff filed a Motion to Transfer Venue of this case to the United States District Court for the Eastern District of Pennsylvania. (Doc. 6). On January 16, 2008, the United States District Court for the Middle District of Pennsylvania granted Plaintiff's Motion to Transfer Venue and transferred this case to the United States District Court for the Eastern District of Pennsylvania since this case was originally filed in the Philadelphia Court of Common Pleas and could only be removed to the Eastern District of Pennsylvania District Court. (Doc. 16).

Plaintiff essentially claims that Defendant wrongfully denied its claim under its insurance policy with Defendant for property damage it sustained.

During the pendency of this case in the Eastern District of Pennsylvania, Defendant filed its Answer to the Complaint on March 13, 2008. (Doc. 18-3).

On February 8, 2008, the United States District Court for the Eastern District of Pennsylvania transferred this case back to the United States District Court for the Middle District of Pennsylvania pursuant to 28 U.S.C. § 1404(a).  (Doc. 18).

On July 7, 2008, the United States District Court for the Middle District of Pennsylvania signed the Consent of the parties to proceed before the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(c).  (Doc. 26).  On July 22, 2008, the Court granted Defendant's Motion to Compel and directed Plaintiff to respond to Defendant's discovery requests and to make certain initial disclosures within seven (7) days.  (Doc. 27).  Thereafter, the Court scheduled a telephonic Case Management Conference for August 11, 2008.  (Doc. 28). During the conference, Attorney Feinstein, counsel for Plaintiff, apprised the Court of his intention to file a motion to withdraw as counsel for Plaintiff and requested that the issuance of a scheduling order be stayed pending resolution of his Motion.  The Court agreed to stay the joint case management conference and the issuance of a scheduling order until after disposition of Attorney Feinstein's Motion to Withdraw. (Doc. 29).

On August 12, 2008, counsel for Plaintiff filed a Petition to Withdraw his and his firm's appearance as attorney for Plaintiff, with an attached support Brief.  (Doc. 30). Defendant filed its opposition Brief on August 15, 2008.  (Doc. 31).  When the Petition of

counsel for Plaintiff to Withdraw became ripe for disposition, the Court entered an Order on September 3, 2008, and granted Defendant's request for oral argument regarding the Petition. The Court scheduled oral argument for September 15, 2008 at 10:00 a.m.  (Doc. 32).  The Court also ordered Joseph Lehman, owner of Plaintiff Bromily, Inc., to appear at the scheduled oral argument.

The Court conducted oral argument on September 15, 2008. (Doc. 33).   Counsel for Plaintiff and counsel for Defendant were present, but, in direct defiance of the Court's September 3, 2008 Order, Joseph Lehman, sole owner of Plaintiff Bromily, Inc., failed to appear at the scheduled oral argument.  Mr. Lehman was served with the Court's September 3, 2008 Order by the Clerk of Court, and Plaintiff's counsel also wrote a letter to Mr. Lehman dated September 8, 2008, reminding him of his obligation to appear at the scheduled oral argument.[1] Mr. Lehman did not file any document with this Court or contact the undersigned's office advising the Court that he was not able to attend the oral argument or that he needed a continuance of it.  Thus, the Court found that Mr. Lehman's failure to attend the September 15, 2008 oral argument was willful and that it constituted a direct violation of the Court's September 3, 2008 Order.  (Doc. 35).

---

[1] At the September 15, 2008 oral argument, counsel for Plaintiff presented the Court with various letters (6) he and his firm sent to Mr. Lehman regarding this case, including letters requesting Mr. Lehman to sign the Fee Agreement for counsel's firm to represent Plaintiff and requesting Mr. Lehman to sign the Verification forms regarding Plaintiff's outstanding responses to Defendant's discovery requests, which Plaintiff was compelled by this Court to answer. Counsel for Plaintiff represented that Mr. Lehman failed to sign the Fee Agreement and the Verification forms.

On September 18, 2008, the Court issued a Memorandum and Order which stated that Counsel for Plaintiff's Petition for Leave to Withdraw Appearance as Attorney for Plaintiff (Doc. 30) was granted.  Mr. Lehman was afforded thirty (30) days from the date of the Order to secure new counsel for Plaintiff and to have new counsel enter an appearance in this case. Further, the Clerk of Court was directed to serve a copy of the stated Memorandum and Order on Plaintiff at:  Bromily, Inc., t/a Bankers, c/o Joseph Lehman, 32 Cadwallader Court, Yardley, PA, 19067.[2]

---

[2] During the September 15, 2008 oral argument, Plaintiff's (now former) counsel detailed his efforts to contact Mr. Lehman during the pendency of this case, and this counsel submitted as exhibits various letters he and his firm sent to Mr. Lehman.  Counsel for Plaintiff stated that Mr. Lehman did not respond to his letters.  The Court found that counsel for Plaintiff's Petition was meritorious in light of his attempts to contact Mr. Lehman and Mr. Lehman's failure to cooperate with the prosecution of his corporation's case.

As previously stated, Defendant served discovery on Plaintiff, but Plaintiff did not respond to it, and the Court  granted Defendant's Motion to Compel.  (Docs. 27 and 31-2, p. 1).  The Court found that Plaintiff did not respond to Defendant's discovery requests even though it was ordered to do so due to the failure of Plaintiff's owner (Mr. Lehman) to communicate and cooperate with Plaintiff's counsel in prosecuting this action, thus rendering it impossible for counsel to respond to Defendant's discovery requests and to comply with this Court's Order granting Defendant's Motion to Compel.

Plaintiff is a Pennsylvania corporation (Doc. 1-2, p. 1, ¶ 1.), and as such, it must be represented in court by counsel.  *See Rhino Assoc., L.P. v. Berg Mfg. and Sales Corp.*, 531 F. Supp. 2d 652, 656 (M.D. Pa. 2007)(citations omitted).  In *Rhino Assoc.*, the Court noted that "[w]hen counsel for a corporation seeks to withdraw, a District Court must consider the 'ordinary rules of withdrawal' and determine whether the attorney's continued representation of the corporate client serves a 'meaningful purpose'."  *Id*. at n. 6(citing *Buschmeier v. G&G Invs., Inc.*, 222 fed. Appx. 160, 164 (3d Cir. 2007).  *See also* PA. Rules Prof'l. Conduct R. 1.16(b)(5)-(6).  In *Rhino Assoc.*, the Court permitted counsel for Cencor, Inc., to withdraw "because Cencor failed to communicate with counsel or pay its legal bills and counsel's continued representation served 'no meaningful purpose'."  *See Rhino Assoc., L.P. v. Berg Mfg. and Sales Corp.*, 2008 WL 144454, *2, n. 8 (M.D. Pa. 2008)(citations omitted).

This Court permitted  counsel for Plaintiff Bromily, Inc., to withdraw since Bromily, through Mr. Lehman, had  failed to communicate with counsel, failed  to sign its Fee Agreement with counsel, and failed to sign the responses to Defendant's discovery requests as ordered by

Plaintiff did not obtain new counsel, and no further filing with the Court was made by either Plaintiff or Mr. Lehman on Plaintiff's behalf.  Further, since the September 15, 2008 oral argument to the present date, no filing has been submitted in this case, and no contact has been made with the Court on Plaintiff's behalf.

On October 20, 2008, Defendant filed a Motion to Dismiss the Complaint with prejudice due to the lack of prosecution by Plaintiff pursuant to Fed. R. Civ. P. 41(b) and 37(b).  (Doc. 36).  Defendant also filed its support Brief.  (Doc. 36-2).  Plaintiff did not timely respond to Defendant's Motion.

On November 17, 2008, the Court issued an Order (Doc. 37) directing as follows:

1. Joseph Lehman, owner of Plaintiff Bromily, Inc., t/a/ Bankers, shall file Plaintiff's opposition brief to Defendant's Motion to Dismiss (Doc. 36) within ten (10) days of the date of this Order.
2. The failure of Mr. Lehman to timely file an opposition brief on behalf of Plaintiff will result in the Motion to Dismiss being deemed unopposed pursuant to Local Rule 7.6, M.D. Pa.  No further extensions of time will be granted absent extraordinary circumstances.
3. Mr. Lehman is afforded a final extension of time, *i.e.,* an additional ten (10) days from the date of this Order, to secure new counsel for Plaintiff and to have new counsel enter an appearance in this case, as originally directed in the Court's Order of September 18, 2008.  (Doc. 35).
4. Failure of Mr. Lehman to comply with this Order may result in this action being dismissed pursuant to Fed.R.Civ.P. 41(b) for failure of Plaintiff to prosecute and to comply with the Orders of the Court.
5. The Clerk of Court is directed to provide a copy of this Order to Plaintiff at:
    Bromily, Inc., t/a/ Bankers
    c/o Joseph Lehman
    32 Cadwallader Court
    Yardley PA 19067

---

the Court.  This Court found that counsel's continued representation of Bromily, Inc., served no meaningful purpose. (Doc. 30).

As Defendant points out in a December 1, 2008 letter to the Court, Plaintiff has failed to comply with the November 17, 2008 Order, and the time in which Plaintiff was to have complied has expired. (Doc. 38). Plaintiff has neither secured new counsel nor has it filed its opposition brief to Defendant's Motion to Dismiss. Thus, as indicated in the November 17, 2008 Order, and as requested by Defendant, Plaintiff will be deemed as not opposing Defendant's Motion to Dismiss pursuant to Local Rule 7.6, M.D. Pa.

The Court now considers Defendant's Motion to Dismiss due to Plaintiff 's failure to prosecute its action.

**II. Discussion.**

At the time of commencing this case, as well as at the time of removal and at the time of both transfers, Plaintiff, a corporate entity, was represented by counsel. In its Complaint, Plaintiff basically claims that Defendant improperly refused to pay its claim for benefits, *i.e.* July 2006 property damage to its premises located in Lehighton, Pennsylvania, where it conducts its business, under its insurance policy issued by Defendant. Plaintiff asserts a breach of contract claim as well as a bad faith claim under 42 Pa. C.S.A. § 8371.

In its Motion to Dismiss, Defendant points out that to date, Plaintiff has not responded to its discovery requests nor made its initial disclosures, despite the Court's July 22, 2008 Order compelling Plaintiff to do so. (Doc. 36, p. 3). Defendant also points out that Plaintiff violated the Court's September 18, 2008 Order directing it to obtain new counsel. (*Id.*, pp. 3-4). The Court agrees with Defendant and further finds that Plaintiff also failed to obey the

Court's recent November 17, 2008 Order giving Plaintiff a final opportunity to secure new counsel and to file its opposition brief to Defendant's Motion to Dismiss.

Defendant concludes that Plaintiff has violated this Court's Orders and that the record demonstrates that Plaintiff is not wiling to prosecute its case.  The Court again agrees with Defendant and finds that Defendant is prejudiced by Plaintiff's failure to comply with the Court's Orders, especially the Order granting Defendant's Motion to Compel Plaintiff's responses to Defendant's discovery requests which Defendant requires to properly defend itself in this case.

Federal Rule of Civil Procedure 41(b) allows for the dismissal of an action for "failure of the plaintiff to *prosecute* or comply with these rules or *order of court*, . . ." (emphasis added). In the instant case, Plaintiff has failed to both prosecute his action and to comply with four (4) Orders of the Court, as discussed, namely, Plaintiff has failed to comply with the Orders of July 22, 2008, September 3, 2008, September 18, 2008, and November 18, 2008.  Plaintiff is deemed as abandoning its action.  *See McCray v. Dauphin Co. Prison*, 2007 WL 431886 (M.D. Pa); *Nelson v. Berbanier*, 2006 WL 2853968 (M.D. Pa.).

Defendant recognizes that, prior to dismissal, the Court must balance the *Poulis v. State Farm Fire & Casualty Co.*, 747 F. 2d 863 (3d Cir. 1984) factors.  (Doc. 36-2, pp. 3-4). Based on the recent Third Court cases of *Hunt v. City of Scranton*, 2007 WL 1624099 (3d Cir.)(Non-Precedential) and *Smith v. Shady*, 267 Fed. Appx. 181 (3d Cir. 2008)(Non-Precedential), we agree with Defendant that the *Poulis* factors must be considered and balanced in the instant case.

7

As the Court stated in *Smith v. Altegra Credit Co.*, 2004 WL 2399773, * 3 (E.D. Pa.):

> Two sources of authority grant this Court authority to impose, *sua sponte*, a sanction of dismissal with prejudice in this case. First, the Supreme Court held in *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962) (per curiam), that district courts have the inherent power to dismiss a case for failure to prosecute a claim. "The power to invoke this sanction [of dismissal] is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* at 629-30.

The *Smith* Court further stated:

> Second, this Court is authorized by Federal Rule of Civil Procedure 16(f) to impose sanctions for a party's failure to comply with a court's pretrial conference scheduling order. Rule 16(f) states, in pertinent part:
>
>> If a party or party's attorney fails to obey a scheduling or pretrial order, or if no appearance is made on behalf of a party at a scheduling or pretrial conference . . . upon motion or the judge's own initiative, [the court] may make such orders with regard thereto as are just, and among others any of the orders provided in Rule 37(b)(2)(B), (C), (D).
>
> Fed.R.Civ. P. 16(f). One of the sanctions permitted under Rule 37(b)(2) is dismissal of a case with prejudice. Fed.R.Civ.P. 37(b)(2)(C); *see also Ray v. Eyster (In re Orthopedic "Bone Screw" Prods. Liab. Litig.),* 132 F.3d 152, 154 n. 2 (3d Cir. 1997) ("Rule 16(f), which provides sanctions for failure to comply with pretrial and scheduling orders of the court incorporates the sanctions under Rule 37 by reference, including the Rule 37(b)(2)(C) provision for dismissal for failure to comply with discovery orders.").

*Id* at * 4.

The *Smith* Court then stated that:

> When considering whether it is appropriate to dismiss a case, either as part of the Court's inherent power to dismiss for failure to prosecute or as a Rule 16(f) sanction, a court must consider the factors outlined in *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 867-68 (3d Cir. 1984). *Mindek*, 964 F.2d at 1373. The *Poulis* factors are: "(1) the extent of the

> party's personal responsibility [for the rule violation(s)]; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness [by the party]; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense." 747 F.2d at 868 (emphases omitted). The *Poulis* standard is not a "mechanical calculation" for deciding whether or not to dismiss a plaintiff's complaint, and "not all of the *Poulis* factors need be satisfied in order to dismiss a complaint." *Mindek*, 964 F.2d at 1373. Rather, the decision whether or not to dismiss a claim under *Poulis* is a balancing test, *United States v. 68.94 Acres of Land*, 918 F.2d 389, 397 (3d Cir. 1990), that "must be made in the context of the district court's extended contact with the litigant." *Mindek*, 964 F.2d at 1373.

*Id. See also Paulino v. Yates*, Civil No. 03-0884, 2005 WL 1154484, M. D. Pa.; *Smith v. Shady*, 2008 WL 3147031 (M.D. Pa.), affirmed 267 Fed. Appx. 181 (3d Cir. 2008), C.A. No. 07-4536 (3-4-08)(Non-Precedential).[3]

The Third Circuit in *Hunt v. City of Scranton*, 2007 WL 1624099 (3d Cir.) (Non-Precedential), and in *Smith v. Shady*, 267 Fed. Appx. 181, 182 (3d Cir. 2008), C.A. No. 07-4536 (3-4-08)(3d Cir.)(Non-Precedential), slip op. p. 3, reiterated the *Poulis* factors and stated that the District Court must make explicit findings regarding these factors prior to dismissing a case under Rule 41(b).

Specifically, in *Hunt*, the Court stated:

> "[N]ot all of the *Poulis* factors need be satisfied in order to dismiss a complaint." *Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992). But

---

[3]The undersigned was assigned the case of *Smith v. Shady* for pre-trial matters, and the District Court adopted the R&R issued in that case recommending that the Plaintiff inmate's civil rights case be dismissed for is repeated failure to cooperate in his deposition based on the *Poulis* factors.

>   before dismissing an action, a district court is required to make explicit
>   findings regarding the factors enumerated in the *Poulis* decision. *See
>   United States v. $8,221,877.16 in U.S. Currency*, 330 F.3d 141, 162 (2003)
>   ("we have always required consideration and balancing of *all six* of the
>   factors [by the district court]") (emphasis in original); *see also Poulis*, 747 F.2d
>   at 868. ("we will be guided by the manner in which the trial court balanced
>   the . . . factors.").

2007 WL 1624099, at *2.

Thus, based on *Hunt* and *Smith v. Shady*, prior to dismissing an action under Rule 41(b), this Court must balance the *Poulis* factors.[4]

As required by *Hunt*, we now apply the stated *Poulis* factors to our case.

This Court has afforded Plaintiff every opportunity since July 22, 2008, over the past four (4) months  (*i.e.,* since the Court's Order granting Defendant's Motion to Compel  (Doc. 27)) to provide Defendant with its initial disclosures and its responses to Defendant's discovery requests, and it has failed to do so, without good cause.  Further, since September 18, 2008, the Court has given Plaintiff more than ample opportunity within which to secure new counsel and to proceed with its case.  The Court has also given Plaintiff more than sufficient time within which to file its opposition brief to Defendant's Motion to Dismiss, and to date, Plaintiff has failed to oppose said Motion.  Plaintiff has now, on all three stated occasions, willfully refused to be comply with this Court's Orders.  The Court now finds that Plaintiff, through its owner, is

---

[4]The Court notes, as mentioned above, that Defendant's Motion to Dismiss (Doc. 36) indicates that it is filed pursuant to both Fed. R. Civ. P. 41 (b) regarding sanctions for failure to prosecute and Fed. R. Civ. P. 37(b) regarding sanctions for failure to abide by a discovery order. As the Third Circuit noted in *Fattah v. Beard*, 214 Fed. Appx. 230, 232, n. 1 (3d Cir. 2007), "Rule 37(b)(2) provides for court-imposed sanctions, including dismissal of the action, if a party fails to obey an order to provide or permit discovery."  In any event, the Court must balance the *Poulis* factors.

10

responsible under the first *Poulis* factor with respect to Plaintiff's refusal to obey this Court's mentioned Orders.

The Court agrees with Defendant (Doc. 36-2, p. 4), as discussed above, and finds that Plaintiff, through its stated inaction, has now demonstrated its repeated failures to abide by this Court's mentioned Orders, and its conduct has indeed thwarted Defendant's ability to defend against its claims.  Plaintiff's conduct has also made it impossible for the Court to issue its scheduling order and to conduct a case management conference.  The Court finds that Plaintiff, through its owner, is responsible for its repeated failures to participate in the Court-ordered discovery responses and oral argument, and for its failures to abide by the Court's Orders.

In his Petition to Withdraw as Counsel for Plaintiff, Plaintiff's former counsel stated that he attempted to contact Plaintiff through its designated representative, Joseph Lehman, sole owner of Bromily, on many occasions in order to discuss this case and to respond to Defendant's discovery, and that Mr. Lehman did not return his telephone calls or respond to his letters. (Doc. 30, pp. 1-2).[5]  Former counsel for Plaintiff also stated that Mr. Lehman's failure to cooperate and communicate with him rendered it unreasonably difficult for him to properly represent Plaintiff in this matter.

The Court also agrees with Defendant (Doc. 36-2, p. 4) and finds that Plaintiff's conduct has greatly prejudiced Defendant.  This case has now been pending with this Court for

---

[5]At the September 15, 2008 oral argument, counsel for Plaintiff stated that Mr. Lehman returned one of his telephone calls by leaving a voice mail message for him.  However, counsel stated that he returned the call but was not able to reach Mr. Lehman on three attempts.

11

almost one year and to date, Defendant still does not have Plaintiff's initial disclosures and Plaintiff's Court ordered responses to Defendant 's discovery requests.  As Defendant states, "Plaintiff's delay is preventing this case from moving to disposition." (*Id*.).  Thus, the Court finds extreme prejudice to Defendant as a direct result of Plaintiff's failure to abide by this Court's Orders, and finds that this case has been stagnant for some time now due solely to Plaintiff's dilatory conduct.  Defendant has been prevented from completing discovery, as well as preparing its defenses, due to Plaintiff's intentional conduct of refusing to proceed with its case.  The continual delay in the advancement of this case, including the Court's inability to re-schedule the case management conference, as well as the stated Orders issued by the Court regarding Plaintiff's failure to abide by the Court's Orders, has also needlessly cost Defendant (and this Court) both time and money.  Moreover, Plaintiff has wilfully failed to participate in discovery without good cause.  It is quite clear to this Court that Defendant has been severely prejudiced by Plaintiff's conduct in failing to respond to its discovery requests, since they have been prevented from conducting meaningful discovery, such as taking Plaintiff owner's deposition and pursuing any follow-up discovery which may have been revealed during his deposition.  The delay in this case, caused solely by Plaintiff's conduct, has also resulted in the inability of the Court to oversee the prompt resolution of this case, such as setting a discovery deadline and dispositive motion deadline.  The Court also finds prejudice based on Plaintiff's prevention of the discovery process from being completed.

       Based on Plaintiff's stated conduct, *via* its owner, we find that it has been willful.  As the Court in *Smith v. Altegra Credit Co.*, 2004 WL 2399773, * 6  stated, "[consistent failure to

comply with a court's pre-trial orders despite repeated warnings about the consequences of noncompliance is sufficient evidence of 'flagrant bad faith' to warrant dismissal." (citation omitted).

As in *Smith v. Shady*, and as Defendant argues, the Court finds that dismissal of this case is the proper sanction at this time. This Court has attempted other, less harsh sanctions, such as affording Plaintiff with every opportunity to secure new counsel, giving Plaintiff more time to comply with the Court's order compelling its responses to the discovery requests of Defendant, and giving Plaintiff, *sua sponte*, more time to file its opposition brief to Defendant's Motion to Dismiss, all to no avail. This case has now sat on this Court's docket with virtually no activity for over four months since the Court granted Defendant's Motion to Compel. The stated Court Orders giving Plaintiff more time to comply, giving Plaintiff direct warnings that it may be deemed as not opposing Defendant 's Motion to Dismiss, and giving Plaintiff warnings regarding its failure to prosecute its action (Doc. 37) have proven to be ineffective. The Court finds that imposing a monetary sanction against Plaintiff, which is a Pennsylvania corporation with a sole owner, would be pointless, especially in light of the fact that the owner of Plaintiff has willfully failed to comply with this Court's previous Orders. The Court agrees with Defendant that at this juncture of the case, only the sanction of dismissal with prejudice is appropriate. *See Smith v. Shady*, 267 Fed. Appx. at 182-183.

Finally, we consider whether Plaintiff has meritorious claims. Defendant states that "the meritoriousness of Plaintiff's claims must be resolved against the Plaintiff at this point as it has failed thus far to produce any facts in discovery, having failed to comply with discovery rules

13

and a discovery Order, which would lead either party to believe that it has a viable claim for breach of contract or bad faith." (Doc. 36-2, p. 4).

Based on the face of the Plaintiff's pleading and Defendant's Answer and Affirmative Defenses thereto (Docs. 1 and 18-3), it may not be clear if Plaintiff has meritorious breach of insurance contract and bad faith claims against Defendant.  However, based on Plaintiff's stated dilatory conduct, Defendant, as it states, has been prevented from trying to discover the merits of Plaintiff's claims.  Defendant has also been prevented from supporting its defenses at trial based on Plaintiff's refusal to submit its initial disclosures and Plaintiff's refusal to respond to Defendant's discovery requests, notwithstanding the Court's Order that it do so.  In fact, the Court finds that Defendant has not been able to pursue any of its defenses based on Plaintiff's undisputed dilatory conduct.  (*See* Doc. 18-3).

In any event, based only on the pleadings, Plaintiff's claims may have merit.  Thus, the Court finds that the final *Poulis* factor may weigh in Plaintiff's favor.   However, not all of the factors in *Poulis* have to be met to allow the Court to dismiss an action. *See Hunt,* 2007 WL 1624099, * 2.  Based on all of the *Poulis* factors, the Court agrees with Defendant, and finds that dismissal with prejudice of this action is warranted under the circumstances described herein.  The Court has given Plaintiff every possible opportunity to submit his discovery responses to Defendant, to secure new counsel, and to respond to Defendant's Motion to Dismiss, and each time Plaintiff has completely disregarded the Court's Orders.  Defendant is not able to pursue its defenses against Plaintiff's claims, and the Court finds that no further opportunity should be afforded Plaintiff to comply with the Court's Orders, even though Plaintiff

is presently without counsel. Additionally, while Plaintiff may have claims with merit, the remainder of the *Poulis* factors weigh heavily towards dismissal of this case. *See Smith v. Altegra Credit Co.*, 2004 WL 2399773, at * 9, n. 10.

Recently, in *Fattah*, *supra* (as well as in *Smith v. Shady,* 267 Fed. Appx. 181 (3d Cir. 2008), the Third Circuit affirmed this Court's dismissal of the plaintiff inmate's civil rights case under Rule 37(b) due to his refusal to be deposed. The Third Circuit considered how this Court balanced the *Poulis* factors. 214 Fed. Appx. at 233. The Third Circuit in *Fattah* stated:

> Each [*Poulis*] factor need not be satisfied for the District Court to dismiss a complaint. *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 221 (3d Cir. 2003). We recognize that the sanction of dismissal is extreme and should be reserved for cases where it is justly deserved, but our standard of review is deferential. *Id.* at 221-22.
>
> The District Court memorialized its *Poulis* findings in its dismissal order. Upon review of the record, as well as the parties submissions on appeal, we conclude that the District Court did not abuse its discretion in dismissing the action under Rule 37(d). We emphasize that the record amply supports Fattah's willful conduct and bad faith in pursuing his claims, for example, Fattah's propensity to engage in "playing possum" when it is convenient for him, and his refusal to acknowledge delivery of his legal mail.

As in *Fattah*, this Court recognizes that dismissal of an action is an extreme measure. However, the Court finds that in this case, based on Plaintiff's repeated willful failure to abide by this Court's Orders and its prevention of any discovery from being conducted, dismissal is justly deserved.

Based on the above, the Court will grant Defendant's Motion to Dismiss Plaintiff's Complaint (under both Rule 37(b) and Rule 41(b)) **(Doc. 36),** and the Court will dismiss this case with prejudice. Further, the Clerk of Court will be directed to close this case.

An appropriate Order follows.


                                          **s/ Thomas M. Blewitt**
                                          **THOMAS M. BLEWITT**
                                          **United States Magistrate Judge**

**Dated: December 8 , 2008**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BROMILY, INC., t/a Bankers, | : | CIVIL ACTION NO. **3:CV-07-2039** |
| | : | |
| Plaintiff | : | Magistrate Judge Blewitt |
| | : | |
| v. | : | |
| | : | |
| STATE NATIONAL INS. CO., INC., | : | |
| | : | |
| | : | |
| Defendant | : | |

## **ORDER**

**AND NOW,** this 8th day of **December, 2008**, **IT IS HEREBY ORDERED THAT:**

1.  Defendant's Motion to Dismiss Plaintiff's Complaint (under both Rule 37(b) and Rule 41(b)) **(Doc. 36)** is **GRANTED.**

2.  This case is dismissed with prejudice.

3.  The Clerk of Court is directed to close this case.

                              **s/ Thomas M. Blewitt**
                              **THOMAS M. BLEWITT**
                              **United States Magistrate Judge**

**Dated: December 8, 2008**